UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY L. BRUNER, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:25-CV-01414 RHH |
| RICHARD ADAMS, | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER OF TRANSFER**

Petitioner, who is presently incarcerated at Eastern Reception Diagnostic and Correctional Center (ERDCC) in St. Francois County, Missouri, filed a signed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court will transfer this case to the United States District Court for the Western District of Missouri.

In November 2013, petitioner was charged with murder in the first degree and armed criminal action in the Circuit Court of Jasper County, Missouri. *State v. Bruner,* No. 13AO-CR01378 (29th Jud. Cir., Jasper County Court). A jury trial was held in March of 2015, and petitioner was found guilty of both charges. *State v. Bruner,* No. 13AO-CR01378-01 (29th Jud. Cir., Jasper County Court). On June 15, 2015, petitioner was sentenced to a total term of imprisonment of life, without the possibility of parole. This is the judgment petitioner challenges in his § 2254 petition currently before the Court.

Jasper County is located in the Western District of Missouri. 28 U.S.C. § 105(b)(2). ERDCC, where petitioner is currently incarcerated, is located in the Eastern District of Missouri. 28 U.S.C. § 105(a)(2). Pursuant to 28 U.S.C. § 2241(d), the district courts for the Eastern District of Missouri and the Western District of Missouri have concurrent jurisdiction to hear this case. In circumstances such as this, the district court in which the petition was originally filed may, in the

exercise of its discretion and in the furtherance of justice, transfer the case to the other district for hearing and determination. *Id.* In addition, 28 U.S.C. § 1404(a) provides that a district court, for the convenience of the parties and witnesses and in the interest of justice, may transfer any civil action to any other district or division where it might have been brought.

Transfer of this action is appropriate because petitioner's constitutional claims are based upon a conviction entered in a circuit court located within the Western District of Missouri, the relevant records are located there, and if hearings are required, the Western District of Missouri would be more convenient for witnesses. In addition, the Court entered an administrative order stating that, absent any unusual circumstances, any habeas petition challenging a conviction or sentence arising out of a proceeding in the Western District of Missouri should be transferred to that district. *In re Business of the Court*, January 27, 1986. As such, the Court will therefore order that this case be transferred to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 2241(d).

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **provisionally granted** subject to modification by the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [ECF No. 5] is **DENIED without prejudice**. Petitioner may renew his motion in the United States District Court for the Western District of Missouri if he so chooses.

Dated this 23rd day of September, 2025.

                                              */s/ Henry Edward Autrey*
                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE